UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 22-61729-CIV-DIMITROULEAS/HUNT

JEANNETTE JANDASEK,

    Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross-Motions for Summary Judgment. ECF Nos. 18, 22. The Honorable William P. Dimitrouleas, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 6; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 18, be DENIED and that Defendant's Motion for Summary Judgment, ECF No. 22, be GRANTED.

## BACKGROUND

Jeannette Jandasek ("Plaintiff") filed an application for supplemental security income ("SSI") on May 2, 2016, alleging disability beginning on April 27, 2012. A hearing on Plaintiff's disability claim took place on February 14, 2019. An

Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review. Plaintiff appealed that decision to the United States District Court for the Southern District of Florida. The Commissioner filed an unopposed motion to remand Plaintiff's action for further consideration and administrative action. The District Court reversed and remanded Plaintiff's case for further administrative proceedings.

While Plaintiff's appeal was pending before the District Court, Plaintiff filed another application for SSI payments. This subsequent claim was denied initially and again upon reconsideration. Plaintiff requested a hearing before an ALJ but withdrew her request. An ALJ entered a notice of dismissal. On February 11, 2022, the Appeals Council ordered that both claims, the one remanded by the District Court and the subsequent claim, be consolidated and a new decision be issued. The Appeals Council also ordered that the previously applicable Social Security Regulations be applied to Plaintiff's case. On June 2, 2022, Plaintiff appeared at a second administrative hearing before an ALJ, which resulted in another unfavorable decision issued on July 8, 2022. Plaintiff now seeks judicial review of the ALJ's July 8, 2022 decision.

## **Social Security Framework**

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the

> claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2016.  ECF No. 12 at 1497.  At step two, the ALJ found that Plaintiff had the following combination of severe impairments: degenerative disc disorder of the lumbar spine; HIV; bipolar disorder/depression; and sedative, hypnotic, anxiolytic use disorder.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404.  *Id.*  After careful consideration of the entire record, at step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations: Plaintiff could concentrate and persist to complete simple tasks; could adjust to gradual changes in a routine work setting; could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; could frequently balance on level surfaces; and could occasionally stoop, kneel, crouch, and crawl.  *Id.* at 1500.  At step five, the ALJ found that Plaintiff had no past relevant work.  However, after consulting with a vocational expert, the ALJ found that considering her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  *Id.* at 1514.  As a result, the ALJ found that Plaintiff was not disabled.  *Id.* at 1517.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d 1219,

1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)).  Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews *de novo*.  *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff makes two arguments in support of her request to reverse the ALJ's decision.  Plaintiff argues that the ALJ failed to properly assess the opinion evidence in the record by giving the opinions of Dr. Stojanovic, her treating physician for her mental limitations, less than "controlling weight" in violation of the so-called "treating physician's rule."  Plaintiff further argues that the ALJ's decision not to give controlling weight to Dr. Stojanovic's opinions was without the requisite good cause and is reversible error.  For the same reasons, Plaintiff contends that the ALJ failed to properly assess the opinion

of Dr. Yang, Plaintiff's treating physician for her physical limitations.  Each argument will be addressed in order.

## DISCOUNTING OF TREATING PHYSICIANS' OPINIONS

Plaintiff argues that the ALJ failed to apply the correct legal standards to Dr. Stojanovic's opinions and that the ALJ's findings are not supported by substantial evidence.  Plaintiff contends that the ALJ simply made conclusory statements when discounting the opinions and did not factually support her findings.  Plaintiff further argues that the ALJ's stated reasons for discounting the opinions are insufficient.  The Commissioner responds that substantial evidence supports the ALJ's evaluation of Dr. Stojanovic's opinions and that the opinions are not consistent with the overall record.  Thus, the Commissioner argues that the ALJ properly assigned little weight to Dr. Stojanovic's opinions.

If an ALJ finds that a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] record," the ALJ must give the opinion "controlling weight."  20 C.F.R. § 404.1527(c). [1]  However, the ALJ can elect to give the treating physician's opinion less than controlling weight when there exists good cause to do so.  *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).  Good cause exists

---

1.   In March 2017, 20 C.F.R. § 404.1527 was replaced by 20 C.F.R. § 404.1520c. Notably, the changes dispensed with the "treating physician's rule" and no longer require the ALJ to give controlling weight to treating physicians' opinions. Rather, the ALJ determines what weight to afford a physician's opinion by considering the following factors: supportability, consistency, relationship with the claimant (including specific sub-factors), specialization, and other factors that tend to support or contradict the medical opinion. The most important of these factors are supportability and consistency. Because Plaintiff filed her initial claim in 2016, the Appeals Council decided that the consolidated claims should be considered under the previous rules.  Accordingly, 20 C.F.R. § 404.1520c does not apply and the "treating physician's rule" applies here.

when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Furthermore, "when electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.*; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (holding that the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor).

To reiterate, good cause exists when, among other things, a "treating physician's opinion was conclusory or inconsistent with *the doctor's own medical records*." *Phillips*, 357 F.3d at 1241 (emphasis added). Applying this standard, the undersigned finds that the ALJ properly assessed Dr. Stojanovic's opinions. The ALJ discussed Dr. Stojanovic's opinions in detail and concluded that not only were his findings inconsistent with his own treatment notes, but that they were also inconsistent with the record overall. For example, the ALJ mentioned that Dr. Stojanovic opined that Plaintiff had "poor to none" ratings in all areas of mental functioning except for a fair ability to use judgment; understand; and remember and carry out simple instructions. Dr. Stojanovic opined that these limitations were due to depression, anxiety, poor focus, concentration, mood swings, and mania.[2] The ALJ highlighted the fact that aside from one encounter, Plaintiff did not exhibit or report any signs of mania. In fact, the ALJ discussed Dr. Stojanovic's own treatment notes, which reported that Plaintiff's mental examinations were generally benign and that Plaintiff was stable. The ALJ also found that the opinion

---

2. Plaintiff contests the ALJ's finding that Dr. Stojanovic reported that Plaintiff suffered mania, arguing that this portion of Dr. Stojanovic's hand-written note is illegible. However, after review of the record, the undersigned finds that the record supports the ALJ's statement regarding mania and the undersigned may not reweigh the evidence.

was inconsistent with the overall record when compared to Plaintiff's reports of her daily activities.  The ALJ perhaps could have gone into more detail when comparing the opinion to the overall record; however, importantly, the ALJ noted that Dr. Stojanovic stated that Plaintiff did not have a substance abuse disorder and continued to prescribe her Xanax[3] even though she was in a court-ordered drug treatment program.  This inconsistency, coupled with the others referenced by the ALJ, provided good cause for the ALJ to afford little weight to Dr. Stojanovic's opinions.

To facilitate review of her decision, the ALJ must state, with "some measure of clarity," the reasoning behind her decision to devalue the treating physician's opinion. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d at 1179 (11th Cir. 2011).  The ALJ did so here.  Furthermore, given the narrowness of the Court's appellate review, the Eleventh Circuit has repeatedly declined to question an ALJ's determination of the appropriate weight due to a treating physician's opinion when she articulates a specific justification for the decision. *See Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 823 (11th Cir. 2015); *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).  Here, the ALJ provided a detailed analysis of Plaintiff's medical history[4] and compared this history with Dr. Stojanovic's assessments to support her finding of inconsistency, which justified giving limited weight to the opinions.  ECF No. 12 at 1512.  Thus, the ALJ properly

---

3.  Xanax, also known by its generic name Alprazolam, is used to treat anxiety and panic disorders. *Xanax – Uses, Side Effects, and More*, WEBMD: DRUGS & MEDICATIONS, https://www.webmd.com/drugs/2/drug-9824/xanax-oral/details (last visited July 7, 2023). "Alprazolam has a risk for abuse and addiction. . . ." *Id.*
4.  The ALJ provided an extensive review of Plaintiff's medical history—approximately thirteen pages—which discussed Plaintiff's symptoms and the findings from multiple consultative examiners and state agency consultants.

7

evaluated Dr. Stojanovic's opinions and provided ample factual support for her decision to give them less than controlling weight.

Next, turning to the ALJ's evaluation of Dr. Yang's opinions, Plaintiff contends that the ALJ failed to apply the correct legal standards and made findings not supported by substantial evidence when rejecting Dr. Yang's opinions.  Plaintiff contends that the ALJ's cited reasons for rejecting the opinions were insufficient.  The Commissioner responds that substantial evidence supports the ALJ's evaluation of Dr. Yang's opinions.

The undersigned agrees with the Commissioner.  The ALJ found that Dr. Yang provided no rationale to support her opinions and that her opinions were inconsistent with each other.  ECF No. 12 at 1510–11.  For example, the ALJ noted that one of Dr. Yang's opinions, to which the ALJ afforded partial weight, stated that Plaintiff did not need to elevate her legs during the workday.  Yet this finding by Dr. Yang, which the ALJ found was consistent with the record, was not consistent with Dr. Yang's June 13, 2018 opinion in which she stated that Plaintiff would need to elevate her legs.  This comparison highlights the inconsistency among Dr. Yang's own opinions.

The ALJ provided other detailed findings regarding Dr. Yang's inconsistencies. For example, in response to a question asking "whether Plaintiff's impairment, as demonstrated by signs, clinical findings and laboratory tests results [are] reasonably consistent with the symptoms and functional limitations described above in this evaluation," ECF No. 12 at 1510, Dr. Yang responded "N/A" and explained that Plaintiff's impairments were related to bipolar disorder rather than back pain.  *Id.* However, the ALJ contrasted this finding with Dr. Yang's treatment notes which

8

indicated normal psychiatric examinations as well as the fact that Plaintiff herself stated that her bipolar disorder symptoms were only moderate one month before Dr. Yang's assessment.  *Id.*  Lastly, the ALJ highlighted the fact that Dr. Yang's 2018 assessment was less restrictive than the 2019 assessment even though there were no significant changes in Plaintiff's physical conditions.  *Id.* at 1511.

Upon review, the undersigned concludes that the ALJ properly examined Dr. Yang's opinions, compared them to the overall record and Dr. Yang's own notes, and properly found that good cause existed to afford the opinions little weight because they were inconsistent with the record and Dr. Yang's own treatment notes.  Thus, the undersigned finds that the ALJ properly evaluated Dr. Yang's opinions and the ALJ's findings are supported by substantial evidence.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 26th day of July 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William P. Dimitrouleas

All Counsel of Record