UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61729-DIMITROULEAS/HUNT

JEANNETTE JANDASEK,

    Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMMISIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 25], filed herein on July 26, 2023. The Court has conducted a *de novo* review of the Report [DE 25] and has carefully considered Plaintiff's Objection to the Magistrate Judge's Report and Recommendation [DE 26].[1] The Court is otherwise fully advised in the premises.

### I.    BACKGROUND

Plaintiff filed an application for supplemental security income ("SSI") on May 2, 2016, alleging disability since April 27, 2012. The application was denied initially and upon reconsideration. Plaintiff then requested a hearing, which was held before an Administrative Law Judge (ALJ) on February 14, 2019. The ALJ found that Plaintiff was not disabled and issued her an unfavorable decision. The Appeals Council denied Plaintiff's request for review on May 13, 2020. Plaintiff appealed that decision to the United States District Court for the Southern District of Florida, and on August 18, 2021, the district court reversed and remanded Plaintiff's case for

---

1 The Court notes that no timely response to Plaintiff's Objection has been filed.

further administrative proceedings.

While Plaintiff's appeal was pending, Plaintiff filed another application for SSI payments. The subsequent application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an ALJ but withdrew her request. On August 25, 2021, an ALJ entered a notice of dismissal. On February 11, 2022, the Appeals Council ordered that both claims, the one remanded by the district court and the subsequent claim, be consolidated and a new decision be issued. The Appeals Council also ordered that the previously applicable Social Security Regulations be applied to Plaintiff's case. On June 2, 2022, a second administrative hearing was held. On July 8, 2022, the ALJ found that the Plaintiff was not disabled and issued her an unfavorable decision. On September 13, 2022, Plaintiff filed this action seeking judicial review of the ALJ's July 8, 2022 decision. *See* [DE 1].

On February 10, 2023, Plaintiff filed a Motion for Summary Judgment. [DE 18]. On April 10, 2023, Defendant filed a Motion for Summary Judgment. [DE 22]. On July 26, 2023, Magistrate Judge Hunt issued his Report, recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted. *See* [DE 25].

## II.    STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific

objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

## III.     DISCUSSION

Plaintiff objects to the ALJ's purported error in failing to apply the correct legal standards to the opinions of Plaintiff's treating physician, Dr. Stojanovic. In his Report, Magistrate Judge Hunt carefully and thoroughly explained the reasons that the ALJ afforded little weight to Dr. Stojanovic's opinions. Upon review of the record, the Court finds that the ALJ and the Magistrate Judge properly evaluated Dr. Stojanovic's opinions, and the Court agrees with the reasoning, conclusions, and recommendations of the Magistrate Judge. A court should affirm an ALJ's decision "if the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted). The Court agrees with Magistrate Judge Hunt that substantial evidence is present to support the ALJ's conclusions.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 25] is hereby **APPROVED**;

2. Plaintiff's Objection [DE 26] is hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 18] is hereby **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 22] is hereby **GRANTED**;

5. The ALJ's decision is **AFFIRMED**; and

6. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of August, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Hunt
Counsel of record